352 So.2d 1269 (1977)
Doyle James HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1080.
District Court of Appeal of Florida, Second District.
December 16, 1977.
*1270 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
By information appellant Harris was charged with possession of greater than five grams of marijuana. Appellant filed a motion to suppress the marijuana which was denied. He thereafter entered a plea of no contest to the charges, specifically reserving his right to appeal the denial of his motion to suppress. Appellant was fined and placed on probation. He argues that the trial court erred in denying his motion to suppress. We agree and reverse.
At the hearing on the motion to suppress, the arresting officer testified that he observed appellant and a companion in the area of a ramp to an interstate highway. As a vehicle approached, the officer suspected they might be about to hitchhike. Appellant was seen carrying a brown paper sack. As the officer approached, appellant was observed putting a rolled up plastic bag in his pocket and his companion left in a hurried manner. Suspecting that the plastic bag contained marijuana, the officer got out of his patrol car, pulled the plastic bag from appellant's pocket, and arrested him for possession of marijuana. At this point, the officer had no suspicion appellant had any weapon. The officer did not see what the plastic bag contained until he removed it. Prior to placing appellant in the patrol car, but after he was arrested, the officer opened the brown paper sack because he felt it could possibly contain either a weapon or more contraband. The sack contained more marijuana. After appellant was taken to the police station, he voluntarily gave the officer another bag of marijuana. The total weight of all the marijuana was ninety-three grams.
The initial search of appellant's person was not incident to a lawful arrest, because at the time of the search, appellant had not been arrested. Nor did the officer have probable cause to arrest appellant at the time of the search under the rationale espoused by this court in Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977). The fact that the officer knew that marijuana was commonly carried in plastic bags gave rise to, at most, a mere suspicion that the bag appellant was seen putting into his pocket contained marijuana.
Although the circumstances arguably supported a temporary detention of appellant allowed by Section 901.151, Florida Statutes (1975), the officer's actions thereafter were not constitutionally permissible. He did not make any further investigation nor did he attempt to ascertain appellant's identity. Instead, he chose to immediately grab the bag from appellant's pocket. At the hearing, the officer admitted that the act of taking the plastic bag from appellant's person was not a protective search for weapons. At that point in time no facts constituting probable cause to arrest appellant for possession of marijuana existed.
Thus, the marijuana found in appellant's pocket as a result of the illegal search should be suppressed. The marijuana found in the brown paper sack and the marijuana received at the police station, obtained as a result of an illegal arrest, is also inadmissible. See State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).
The judgment and sentence are reversed and the case is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and RYDER and DANAHY, JJ., concur.