362 So.2d 170 (1978)
STATE of Florida, Appellant,
v.
Robert REDDING, Appellee.
No. 78-437.
District Court of Appeal of Florida, Second District.
September 13, 1978.
*171 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Daphne W. Boswell, Asst. Public Defender, Bartow, for appellee.
GRIMES, Chief Judge.
The state appeals an order suppressing some packets of a controlled substance seized from the defendant.
At 11:15 p.m. on November 26, 1977, two officers of the St. Petersburg Police Department investigated a citizen's complaint that a nude male was running around a car parked on the street. When the officers arrived at the scene, they discovered the defendant lying on the front seat of a car. He was fully exposed by virtue of being clad only in an unfastened bathrobe. The defendant's clothes, including his shoes and jewelry, were neatly folded and placed on the back seat of the car. At this point, Brubaker believed that he had probable cause to arrest the defendant for indecent exposure, and he ordered him out of the car.
When the interior light came on as the defendant exited the car, Brubaker could see several small, flat, inch-by-one-quarter-inch tinfoil packets inside the defendant's shoes. Based upon his long experience with drug arrests as an undercover officer in narcotics, Brubaker believed the packets contained either heroin or cocaine. Brubaker instructed his fellow officer to arrest defendant for indecent exposure and to place him in the back seat of the patrol car. Brubaker then removed the tinfoil packets from the defendant's shoes on the back seat. The packets contained phencyclidine.
We believe the packets were properly seized under the "plain view" doctrine. Under this doctrine, an officer who has a prior justification for an intrusion can seize contraband or incriminating evidence which is in plain view. Hornblower v. State, 351 So.2d 716 (Fla. 1977).[1] When contraband is *172 spotted under circumstances falling within the purview of the plain view doctrine, it may be immediately seized because of its nature. Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978). However, if the items in question are innocent by themselves, they may only be seized if the officer has probable cause to believe that what he sees in plain view is incriminating evidence. State v. O'Steen, 238 So.2d 434 (Fla. 1st DCA 1970).[2]
When Officer Brubaker saw the packets, he was in a location where he had a right to be. He knew from his experience in the investigation of drug offenses that narcotics are customarily wrapped in small tinfoil packets.[3] He was aware of the defendant's bizarre conduct, and he saw the peculiar location of the packets. At the very least, Brubaker had probable cause to believe that the packets contained contraband. This was enough to entitle him to make the seizure.
In upholding the seizure we do not reverse the trial court on a finding of fact. The judge had concluded that the officer did have "reasonable cause" to believe that the packets contained illicit contraband, and he only granted the motion to suppress because he believed the case was controlled by our recent opinion in Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). In Carr we held that an officer who observed hand-rolled cigarettes with the ends twisted shut on the dashboard of an automobile could not seize the cigarettes even though he testified that he "knew" they contained marijuana. Our decision in that case was premised on the fact that even today many smokers prefer to "roll their own" rather than to pay the higher price for manufactured cigarettes. Therefore, in the absence of other circumstances to fortify the officer's belief, his "knowledge" that the cigarettes contained marijuana amounted to no more than suspicion.
Schraff v. State, 544 P.2d 834 (Alas. 1975), presents an interesting parallel. There a narcotics investigator was seeking to determine the identification of a man who was in an incoherent state. In the process of looking through the man's wallet, the officer noticed a folded aluminum foil packet which his past experience led him to believe contained narcotics. In passing upon the propriety of the seizure the court held that, assuming the officer had a right to examine the wallet, his seizure of the packet was lawful under the plain view doctrine. On the other hand, the case of Shepherd v. State, 343 So.2d 1349 (Fla. 1st DCA 1977), which also involved a seizure from a wallet during a search for identification lends some support to the defendant's position. However, that case appears to turn more on the absence of exigent circumstances, and, except for the existence of an opaque plastic bag, the officer had little else upon which a finding of probable cause could be predicated.
The order of suppression is reversed, and the case is remanded for further proceedings.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Mr. Justice Stewart, speaking only for a plurality in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), would also require that the view come about through inadvertence, but we need not decide whether this is essential to a plain view seizure because the view in this case was clearly accidental. There is also a question as to whether there is a necessity for exigent circumstances, but the likelihood that the drugs would be quickly disposed of here fulfills this requirement  if it is a requirement. See Rickard v. State, 361 So.2d 822 (Fla. 2d DCA, 1978).
[2] See United States v. Benn, 441 F. Supp. 1268 (E.D.N.Y. 1977), for a comprehensive discussion of the standard of proof necessary to seize harmless evidence in plain view.
[3] The case of DeLao v. State, 550 S.W.2d 289 (Tex.Cr.App. 1977), highlights the significance of this kind of testimony.