379 So.2d 648 (1980)
Luis Ignacio ALBO, Appellant,
v.
STATE of Florida, Appellee.
No. 56121.
Supreme Court of Florida.
January 24, 1980.
*649 Joel Hirschhorn of Hirschhorn & Freeman, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
OVERTON, Justice.
This is an appeal from a circuit court's judgment which directly upheld the constitutional validity of that portion of section 893.13, Florida Statutes (1977), which makes unlawful the possession of cannabis in an amount greater than one hundred pounds. We have jurisdiction[1] and affirm.
At the hearing upon the motion to suppress, Detective Mastaler testified that on June 26, 1978, he and Detective Guilfoyle were dressed in plain clothes and traveling in an unmarked car. He noticed a motor home van driven by defendant fail to yield the right-of-way to a vehicle making a left turn, nearly causing an accident. The detectives observed additional traffic violations by the defendant in his lane-changing and excessive speeding. The back end of defendant's motor home was also weighted down, causing it to fishtail. Mastaler testified that because their unmarked car had no red light or siren, they attempted to call for a uniformed unit to stop the defendant. Before a uniformed unit could be obtained, however, the defendant pulled into a restaurant parking lot, parked the motor home and got out. The detectives drove up next to defendant's motor home and asked for defendant's driver's license and vehicle registration. Defendant said he had no registration, at which time Mastaler testified that he suspected that the motor home van was stolen. Defendant was advised of his Miranda rights. Mastaler went to the front windshield of defendant's motor home to look on the dashboard for the vehicle identification number. He noticed thirty-five to forty bales stacked in the middle and rear portions of the motor home. The bales were square and wrapped in burlap and black plastic. Mastaler testified that through his two and one-half years experience in narcotics investigations and undercover purchases, he knew the bales to be marijuana. Defendant was cited for traffic violations and arrested for possession of marijuana; however, the traffic violations were later dismissed for failing to put the statute numbers on the tickets. After defendant's arrest, Mastaler took defendant's keys and entered the vehicle, confirming that the bales were marijuana. Defendant's motion to suppress all the evidence seized was denied. Defendant's motion to dismiss the information and to declare section 893.13 unconstitutional was also denied. On appeal, defendant assigned as error the trial court's denials of both motions.
Defendant's constitutional argument is that the inclusion of "cannabis" in the classification of Schedule I of the Florida Comprehensive Drug Abuse Prevention and Control Act is unreasonable and violative of equal protection, thus rendering section 893.13 unconstitutional. We disagree and reaffirm this Court's decision in Hamilton v. State, 366 So.2d 8, 10 (Fla. 1979), wherein we stated:
There continues to be authority supporting the position that the health hazards of cannabis justify its proscription and its present classification. Although there is substantial expert opinion to the contrary, the fact that there continues to be expert opinion supporting the reasons *650 which prompted the Legislature to enact this statute is sufficient to constitute a continuing rational basis for the act.
We again hold that the act does not contravene the equal protection clause of the constitution and that the classification of cannabis is not unreasonable or arbitrary.
The second question is whether the observation of the bales provided probable cause for defendant's arrest and the immediate seizure of the marijuana. In Benefield v. State, 160 So.2d 706, 708 (Fla. 1964), this Court stated that the test to determine probable cause is whether the facts and circumstances within the officer's knowledge are sufficient in themselves to lead a reasonable man to believe that an offense has been committed.
In the instant case, Detective Mastaler observed that thirty-five to forty bales in the motor home were square and wrapped in black plastic and burlap. In his two and one-half years of previous experience in undercover purchases and narcotics investigations, every bale he had ever purchased or seized had been packaged in an identical manner. Given his experience plus the defendant's failure to produce the vehicle's registration and the fact that the rear end of the motor home looked weighted down, the circumstances support Mastaler's determination that the bales were marijuana. We find that the record established sufficient probable cause for a reasonable man to conclude that an offense was being committed.
Seizable items which inadvertently come into view of a law enforcement officer who has a right to be where he is may be used in the prosecution of the crime to which they related. Harris v. United States, 390 U.S. 234, 237, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
The plain view doctrine was discussed in State v. Ashby, 245 So.2d 225, 228 (Fla. 1971), wherein this Court held that observation of an object by a police officer in plain view is not a search when the officer has a legal right to be in the position to have that view. Such object may be seized by the officer and introduced into evidence. Jester v. State, 339 So.2d 242, 244 (Fla. 3d DCA 1976). When contraband is the object spotted in plain view, it may be immediately seized because of its nature. State v. Redding, 362 So.2d 170, 171-72 (Fla. 2d DCA 1978).
In the instant case Detective Mastaler suspected that the defendant's motor home was stolen, and so he shined a flashlight onto the dashboard of defendant's motor home in order to find the vehicle identification number. In trying to verify the ownership of the vehicle, Mastaler was acting within the scope of his lawful duties. He had the legal right to be in the parking lot positioned in front of the motor home. The subsequent observation of the thirty-five to forty bales by use of the flashlight does not render the search illegal or the evidence discovered inadmissible. United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L.Ed. 1202 (1927).
Given that the detectives observed the bales in plain view from a position where they had a legal right to be plus the existence of probable cause that an offense was being committed, we conclude there was no constitutional violation in the seizure of the marijuana bales. We affirm the rulings of the trial court.
It is so ordered.
ENGLAND, C.J., and BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.