CAMPBELL, Judge.
Faye Booker and James A. Bryant were charged with possession of heroin by an information filed in the Pinellas County Circuit Court. Booker and Bryant both pleaded not guilty and filed motions to suppress, which were granted by the trial court. The state appeals contending that the trial court erred in finding no probable cause for the arrests of Booker and Bryant. We agree and reverse.
On February 22,1979, Booker and Bryant approached Sam Coleman, a police narcotics purchaser and informer. Bryant told Coleman that they had some heroin and inquired whether Coleman was interested in purchasing some of it. Bryant showed Coleman a yellowish-brown envelope containing numerous foil packets, which Bryant then gave to Booker. Coleman knew from his experience as a narcotics purchaser that heroin was commonly packaged in such foil packets and he informed his contact with the St. Petersburg Police Department that Booker and Bryant were in possession of heroin. On the basis of Coleman’s observation, the police arrested Booker and Bryant. Heroin was found on Booker during a search incident to the arrest.
The trial court determined that Coleman’s observation of the foil packets was insufficient to establish the necessary probable cause to support the arrests and granted both motions to suppress. The court reasoned that if the arrests were invalid, the searches of the defendants incident to those arrests had to be invalid as well.
We hold that there was probable cause to arrest Booker and Bryant. First, the trial court was incorrect in ruling that Coleman’s observation of the foil packets was insufficient to establish probable cause. See State v. Redding, 362 So.2d 170 (Fla.2d DCA 1978). Second, the court failed to take into consideration Bryant’s statement to Coleman that they had “boy” for sale, “boy” being the common street term for heroin. The combination of Coleman’s observation and Bryant’s statement to Coleman gave the police probable cause to make the arrests. The arrests were therefore valid. Since the heroin was discovered during the course of a search incident to a lawful arrest, the trial court erred in granting the motions to suppress.
In light of this opinion, we find it unnecessary to consider the state’s argument that Bryant had no standing to contest the search of Booker.
REVERSED AND REMANDED.
SCHEB, Acting C. J., and OTT, J., concur.