FERGUSON, Judge.
This appeal is from an adjudication and sentence for trafficking in narcotics following a jury verdict of guilty. The pertinent facts are as follows.
Officer Hewes of the Dade County Public Safety Department, while on routine patrol in the area of S.W. 280th Street and Biscayne Bay, came upon two trucks, a dump truck and a pick-up truck, both of which appeared to be abandoned. He looked into the dump truck and saw a number of bales of what he knew, based on experience, to be marijuana. He summoned a police helicopter. Hewes and Officer Woods, the helicopter pilot, while flying around the area observed a twenty-five foot boat about three-fourths of a mile from where the marijuana had been discovered. The boat was the only one in the area and was “low in the water leaving a big wake.” Two men were on the boat one being appellant who was the operator. The boat was loaded with what appeared to be marijuana bales. Appellant was sitting atop one of the bales when he was observed by the officers. Officer Woods was familiar with marijuana and the customary packaging of the substance in burlap bales, which bales were visible from the air. As the. helicopter drew closer appellant accelerated in an attempt to flee the police aircraft. The officers could smell a strong odor of marijuana while they were more than twenty feet away from the boat. A walkie-talkie found in the boat was keyed to the same frequency as a walkie-talkie found in the truck.
In response to the points on appeal, we hold (1) there was probable cause for the seizure, Albo v. State, 379 So.2d 648 (Fla.1980), (2) lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have as to containers within his reach, New York v. Belton, - U.S. -, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and (3) the facts presented by the state were sufficient circumstantial evidence of appellant’s knowledge and ability to control the contraband to sustain a conviction for joint possession. Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 462 (Fla.1979); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
Affirmed.