MILLS, Judge.
Vickie and William Wallace appeal their convictions for possession of cocaine with intent to deliver, felony possession of cannabis, and possession of drug paraphernalia. The Wallaces pled nolo contendere to the charges, specifically reserving the right to appeal denial of their motion to suppress. The contention on appeal is that the affidavit forming the basis of the search warrant did not demonstrate probable cause for issuance of the warrant and therefore the evidence seized during a search of the Wallace’s' residence should have been suppressed. We agree and reverse.
The affidavit was executed by a police officer and contains the following to demonstrate probable cause:
On June 17, 1982, at approximately 1:15 a.m. your affiant was notified, by a reliable confidential informant who has given reliable information in the past that a transfer of suspected contraband material (more specifically, marijuana) had just taken place in the area of Horse-mans Association Road.
Your affiant went to the area of the suspected transfer to interview the confidential informant who related the following facts.
At approximately 1:00 a.m. the reliable confidential informant observed a bronze colored Oldsmobile 2-Door bearing Fla. tag WBT-162 parked outside of trailer #7. It was further observed that two white male subjects exited the trailer and went to the drivers side door of the Oldsmobile. Subject # 1 w/m 6' 0" medium build opened the drivers side door, pushed the drivers seat forward and removed from the back seat a large rectangular shaped object packaged in dark plastic wrapping. The object appeared to be very heavy. Subject w/m #2 5' 10" med/heavy build also went to the drivers side of the vehicle and removed a package of similar size and description. Both subjects again returned to the vehicle and into trailer #7. A total of four (4) bundles were transported from the vehicle to the trailer.
The description of these bundles as related by the confidential informant are consistent with the way that large quantities of marijuana are packaged for transport and shipment. Your affiant has personally observed marijuana on many occasions and is familiar with its packaging in this manner.
In addition to the packaging method, the exigent circumstance of using the cloak of darkness, during the early hours of the morning when few observers are present, and the hurried and furtive movement exhibited by the subjects lead your affiant to believe' that the subjects did in fact transfer a large quantity of marijuana from the vehicle to the trailer described herein.
The confidential informant took your affiant to the immediate area that the transfer took place and your affiant was able to observe the bronze colored vehicle bearing Fla. tag WBT-162 still parked in front of trailer # 7.
A surveillance was initiated on the trailer, and it is believed that said suspected marijuana is still being contained therein.
Essentially, the affidavit states that an informant told the affiant officer that he had watched two men transfer heavy packages from a car to a trailer. The packages were described as “large rectangular shaped object[s] packaged in dark plastic wrapping” and “large plastic wrapped bundles.” The informant was described as a “reliable confidential informant who has given reliable information in the past.”
Even under the totality of the circumstances test of Illinois v. Gates, — U.S. —-, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the affidavit does not demonstrate probable cause. The description of the packaging is the only factual statement in the affidavit conceivably indicating the presence of contraband in the trailer. This description alone simply does not suggest the presence of contraband. Although the affiant stated that he was familiar with cannabis packaging and that the infor *1068 mant’s description of the packaging was consistent with the manner large quantities of cannabis are packaged for shipment, the affiant neither saw the packages nor did he establish the informant’s credibility. The credibility of the informant and the reliability of his information should be considered as a part of the totality of the circumstances.
There are cases holding that there is probable cause in circumstances involving suspicious packaging. See, e.g., Texas v. Brown, — U.S. -, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); Albo v. State, 379 So.2d 648 (Fla.1980); In the Interest of P.L.R., 435 So.2d 850 (Fla. 4th DCA 1983). In those cases, however, probable cause rested on more than the mere observation of suspicious packaging. Other circumstances together with the observation of the packaging indicated the presence of contraband.
In this case, not only was the description of the packaging the only indication of the presence of contraband in the trailer, but that description was furnished by an informant whose credibility was not established. The trial court erred in denying the motion to suppress the evidence seized pursuant to the invalid search warrant.
REVERSED.
THOMPSON and WIGGINTON, JJ., concur.