OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal reported as In the Interest of P.L.R., 435 So.2d 850 (Fla.4th DCA 1983), in which the district court certified that its decision was in direct conflict with Thompson v. State, 405 So.2d 501 (Fla.2d DCA 1981); Carr v. State, 353 So.2d 958 (Fla.2d DCA 1978); and Harris v. State, 352 So.2d 1269 (Fla.2d DCA 1977). We have jurisdiction, article V, section 3(b)(4), Florida Constitution.
The question presented concerns the propriety of a search and seizure and requires us to determine whether the observation of a manila envelope, of a type usually used for marijuana transactions, in the pocket of a juvenile at a known drug-transaction site provides sufficient probable cause to arrest the juvenile and conduct a search incident to that arrest. The district court found that there was sufficient probable cause. We agree. In so holding, we do not disapprove Thompson, Carr, or Harris because we find the facts and circumstances of those cases to be distinguishable.
The record in this case reflects the following. There was an unrelated drug arrest in an area of Pompano Beach known by law enforcement officials as a narcotic and marijuana trafficking site. The petitioner was with a group of youths who approached one of the arresting officers to ask about the arrest. The officer noticed that one of petitioner’s sweatshirt pockets was bulging open to reveal a small manila envelope. The officer removed the envelope from the boy’s sweatshirt, detected the smell of marijuana, and opened the envelope. Upon finding a “green vegetable matter” in the envelope that appeared to be marijuana, the officer placed the petitioner under formal arrest. Petitioner was then taken to the police station and, during a subsequent search, a clear baggie was found in his sock. Initial tests performed on the contents of both the envelope and the baggie were positive for marijuana. A forensic chemist’s subsequent analysis, however, indicated that only the baggie contained marijuana.
The arresting officer testified at trial that he had seen petitioner in the drug-trafficking area before. The officer also testified that the kind of envelope taken from petitioner’s pocket was “of the type commonly used in that area ... [for] what they call a nickel bag of marijuana .... This is, in fact, the only use I've ever seen these envelopes put to.” He further testified that he had seen these envelopes used as nickel bags in excess of one hundred times and that ninety percent of the envelopes he had seen were in this particular area.
The trial court denied petitioner’s motion to suppress the marijuana on the grounds of an illegal arrest and search, found the petitioner guilty of possession of marijuana, and adjudicated him delinquent.
The district court affirmed the trial court’s determination that there had been a valid arrest and search. The court held that “the observance of a container known to police officers to frequently contain marijuana, when considered together with certain other circumstances, is sufficient to constitute probable cause to conclude that the envelope does contain marijuana.” 435 So.2d at 852. The district court concluded that the initial search was incident to a lawful arrest and that the subsequent seizure of the baggie was valid.
The cases cited for conflict have similar, but not identical, controlling facts. In Thompson, an officer was called to a lounge by the lounge bouncer. The bouncer advised the officer that, two nights before, the defendant had been involved in an altercation with a customer who had reported to the bouncer that the defendant was carrying a gun in a shaving case. The bouncer was concerned because the defendant had come back to the bar with a small shaving case. As the officer and the bouncer talked, the defendant left the bar. The officer followed him outside and asked him for identification. The defendant replied that it was in his case which he placed on the hood of an automobile. The officer felt the outside of the case and, when he did not detect the presence of a weapon, allowed the defendant to put his hand in *365 side to retrieve the identification. As the defendant took his billfold from the case, a small brown manila envelope fell onto the hood of the car and then onto the ground. The officer picked it up, opened it, and found marijuana inside. A subsequent search of the shaving ease also revealed cocaine. The issue was whether the officer had a right to look into the manila envelope which fell out of the shaving case. The district court determined that the issue involved probable cause and, since the officer “did not say that before he opened the envelope he believed that it contained marijuana, nor did he articulate any facts upon which he could have predicated such a belief,” 405 So.2d at 503, the circumstances did not establish probable cause. The district court concluded, therefore, that the trial court should have granted the defendant’s motion to suppress.
In Carr, the district court reversed a search and seizure as being invalid under the plain view exception. The defendant in Carr was questioned regarding his presence in a residential area. The defendant was outside his vehicle, having given proper identification as requested by the officer. The officer shined his flashlight into the vehicle “to check the interior.” He observed two handrolled cigarettes and proceeded to enter the vehicle to seize them. The officer testified that he “knew” that they were marijuana cigarettes because they were unevenly rolled and twisted at the end. The evidence reflected, however, that the officer could not actually see any marijuana. The district court rejected the contention that the plain view exception should apply because “there was no contraband in plain view, merely two cigarettes.” 353 So.2d at 959.
In Harris, the Second District rejected a finding of probable cause where the officer had approached the defendant after observing him put a rolled-up plastic bag in his pocket. The officer got out of the patrol car, pulled the plastic bag from appellant’s pocket, and arrested him for possession of marijuana although he did not see what the plastic bag contained until he removed it. There was no question that the initial search was not incident to a lawful arrest. The court held that the officer had, at most, a mere suspicion that the bag contained marijuana and that mere suspicion alone did not support a finding of probable cause.
The Second District distinguishes these three decisions from its decision in State v. Redding, 362 So.2d 170 (Fla. 2d DCA 1978), which approved a warrantless seizure of small tinfoil packets found to contain phen-cyclidine. In Redding, the officers were investigating a citizen’s complaint that a nude male was running around a car parked on the street. When the officers arrived, they found the defendant lying fully exposed on the front seat of the car. At this point, the officers clearly had probable cause to arrest the defendant for indecent exposure. When the officers ordered the defendant out of the car, the defendant opened the door and an interior light came on. The officers then sighted several small, flat, tinfoil packets inside the defendant’s shoes which were placed on the back seat of the car. The officer testified that, based on his long experience as an undercover officer, he believed that the packets contained either heroin or cocaine. He stated that he knew narcotics were customarily carried in this type of container. The court, in Redding, distinguished the decision in Carr on the facts, finding the differences between handrolled cigarettes and tinfoil packets to be dispositive.
In the instant case, the district court relied upon this Court’s decision in Albo v. State, 379 So.2d 648 (Fla.1980), where we held that an officer’s warrantless seizure of marijuana from a motor home was based upon probable cause. The officers in Albo had approached the motor home after observing the driver commit several traffic infractions. Inside the motor home were thirty-five to forty square bales wrapped in black plastic and burlap. We held that “[gjiven his experience [as a narcotics investigator] plus the defendant’s failure to produce the vehicle’s registration and the fact that the rear end of the motor home looked weighted down, the circumstances *366 support [the officer’s] determination that the bales were marijuana.” 379 So.2d at 650. We determined that these facts established sufficient probable cause for the officer to believe that a criminal offense was being committed.
We find, as did the district court, that the situation presented in the instant case is more like Redding and Albo than Thompson, Carr, and Harris. We agree with the state that the totality of the circumstances in the Thompson, Carr, Harris trilogy failed to give rise to probable cause prior to the searches and that there is a distinction between those cases and the present case. Specifically, in the instant case, the officer was at a narcotics transaction site, making a narcotics arrest, when he observed the envelope in the defendant’s pocket. He testified that the only thing he had ever seen these envelopes used for at this location was narcotics transactions. We recognize that this is a fine line but we distinguish rather than disapprove Thompson, Carr, and Harris, primarily on the basis that there was no evidence that the searches and seizures in those cases occurred at narcotics-transaction sites where the type of container seized was utilized as a principal means to convey narcotics.
We find that the officers in the instant case had probable cause to make the arrest. The subsequent search incident to that arrest was, therefore, valid. We approve the decision of the district court in the instant case and distinguish Thompson, Carr, and Harris.
It is so ordered.
BOYD, C.J., and ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion.