LEHAN, Judge.
Defendant appeals from his convictions for grand theft and possession of a controlled substance (marijuana). We conclude that the trial court erred in denying defendant’s motion to suppress evidence, to wit, marijuana and a fire extinguisher found in defendant’s automobile after his arrest, as well as certain statements of the defendant. We therefore reverse.
The arrest arose under the following circumstances. A police officer, located approximately twenty feet from the defendant who was seated in a parked car, saw the defendant put a cigarette into his mouth. It was late at night. The officer testified that the cigarette could have been simply a tobacco cigarette. The officer approached the car and asked what defendant was smoking. Defendant thereupon tossed the cigarette aside. After the defendant was told to get out of the car, he was arrested. Following the arrest the officer searched the car and discovered a marijuana cigarette, rolling papers and a fire extinguisher. The defendant told the officer that he had taken the fire extinguisher from a residence.
There was no probable cause for the arrest. See Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). See also P.L.R. v. State, 455 So.2d 363 (Fla.1984); State v. Ellison, 455 So.2d 424 (Fla. 2d DCA 1984); Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981). The evidence became the “fruit of the poisonous tree.” See State v. Neri, 290 So.2d 500 (Fla. 2d DCA 1974). There was no applicable exception to the search warrant requirement.
The convictions are reversed. Defendant shall be discharged.
SCHEB, A.C.J., and CAMPBELL, J., concur.