528 So.2d 1264 (1988)
STATE of Florida, Appellant,
v.
Jesse CASEY, Appellee.
No. 87-552.
District Court of Appeal of Florida, First District.
July 21, 1988.
*1265 Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellant.
Sharon Bradley, Asst. Public Defender, Tallahassee, for appellee.
THOMPSON, Judge.
The State of Florida appeals an order granting appellee's motion to suppress, arguing that the lower court erred in finding that the police officer did not have probable cause to search appellee. We agree that the trial court erred, and reverse.
The undisputed evidence adduced at the suppression hearing established that on January 14, 1987 at approximately 10:00 p.m. Officer Howard Stoll observed appellee and two other men standing by the street. The area Officer Stoll was patrolling is well known to the police to be commonly used for narcotic transactions. Officer Stoll was in plain clothes, but appellee knew him to be a police officer. As the officer approached appellee, his two companions ran away and appellee, appearing very startled, tried to quickly shove a plastic bag into his pocket. Officer Stoll could see about two inches of the plastic bag sticking out of appellee's pocket, but could not see the contents of the bag. He knew, however, based on his experience, that plastic bags are the most common way to package narcotics. Officer Stoll testified that he has never recovered a plastic bag from anyone in the area which contained an innocuous item such as a sandwich. He also stated that it is very common for individuals who are being approached in the area to either try to destroy the evidence, to run away with it, or to throw it away as they run. The officer seized the bag and observing that it contained a substance he believed to be cannabis, placed appellee under arrest and advised him of his rights. When he searched appellee he found two pieces of crack cocaine in his pants pocket and found a large razor on a nearby wall which appellee admitted belonged to him. The substance in the plastic bag subsequently was shown to not be cannabis. Appellee was charged with possession of cocaine with intent to sell and possession of paraphernalia.
In support of his motion to suppress the cocaine and razor, appellee argued that Officer Stoll did not have probable cause to conduct the search which resulted in the seizure of the plastic bag. Therefore, appellee argued, the resulting arrest and search incident to arrest which yielded the cocaine and paraphernalia were illegal. Appellee also argued that the plastic bag could not be considered to have been in "plain view" because Officer Stoll observed only the bag itself and not its contents, and that therefore no probable cause existed to believe the bag contained contraband. The lower court apparently agreed, and granted appellee's motion to suppress.
Under the totality of the circumstances, Officer Stoll had sufficient probable cause to seize the plastic bag and arrest appellee. The fact that the plastic bag protruding from appellee's pocket was innocuous of itself is not dispositive. P.L.R. v. State, 455 So.2d 363 (Fla. 1984) cert. denied 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985). An innocuous item in plain view can be seized if additional circumstances are present which provide sufficient probable cause to believe that it contains contraband. State v. Ellison, 455 So.2d 424, 428-429 (Fla. 2d DCA 1984). Officer Stoll's knowledge and experience must be considered in the context of the situation as it existed at the time. Id. at 430-431. In the instant case appellee was observed in an area known for a high incidence of narcotic transactions. When Officer Stoll approached appellee, appellee appeared very startled and his two companions fled. Officer Stoll observed appellee quickly shove an item into his pocket, and saw two inches of a plastic bag protruding from appellee's pocket. Based on his knowledge and experience, Officer Stoll knew that the area was commonly used for narcotic transactions, that participants in such transactions commonly flee from approaching *1266 officers and discard the narcotics, and that narcotics are commonly packaged in plastic bags. Under P.L.R. v. State, these circumstances provided sufficient probable cause to search appellee and seize the bag, despite Officer Stoll's inability to observe its contents. The subsequent arrest and search incident to arrest were therefore proper, and the cocaine and paraphernalia recovered should not have been suppressed.
Accordingly, the order granting appellee's motion to suppress is REVERSED.
NIMMONS, J., concurs.
BARFIELD, J., dissents with opinion.
BARFIELD, Judge, dissenting:
I must dissent. The trial judge received and considered the evidence, after which he concluded that the police officers had no more than a mere suspicion. For this court to review that same evidence without the benefit of the witnesses' presence and reach a different conclusion is to remove the vital discretionary and fact-finding function from the trial judge. Rather than remove this responsibility from the trial judge, we should jealously guard it. Overturning such a determination by the trial judge should be done only when there is a clear abuse of discretion.