GARRETT, Judge.
The trial court granted appellee’s motion to suppress evidence. The state appeals. We reverse.
By stipulation the facts were presented in the form of a proffer to the trial court.
Deputy Burdick of the South Bay Police Department on routine patrol was dispatched to the South Bay area to investigate a report of a man carrying a gun. When the officer arrived at the scene, he was flagged down by a man who stated that two men in a car had a handgun. The officer stopped the car. Both appellee, the driver, and the passenger got out of the car, leaving the doors open. The deputy asked appellee whether he had a gun. Ap-pellee said, “no, you can check it if you want.” A search of the car was conducted to locate a gun. A closed aspirin travel container (a tube about three or four inches long and one-half inch wide) was observed in plain view and seized. Rock cocaine was found inside the container. Appellee was arrested.
The stopping of the car is not at issue. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellee’s consent to the search of his car for a gun is not at issue.
The issue is whether upon viewing the container, the deputy had sufficient probable cause to reasonably believe it contained contraband allowing for its seizure.
The scene was described as a “high drug area.” The deputy had “training” and “vast experience” in narcotics investigations. He was “very familiar” with similar containers from other investigations and in his experience “ninety per cent of [such] containers would contain contraband.” Before opening the container, he shook it and heard what sounded to him like rock cocaine.
In P.L.R. v. State, 455 So.2d 363 (Fla.1984), our supreme court upheld the seizure of marijuana at a known narcotics-transaction site. An officer removed an envelope recognized by him to be a container commonly used to carry narcotics from a boy’s shirt pocket, detected the smell of marijuana, and opened the envelope. Upon finding a “green vegetable matter” inside the envelope, the officer arrested the boy.
We find the totality of the circumstances established probable cause for the deputy to seize and open the container. A high drug area is equivalent to a narcotics-transaction site, the hearing of rattling rock cocaine is equivalent to detecting a smell of marijuana, and the aspirin container is equivalent to a manila envelope. The reasonable man standard is surely met when nine out of ten times the deputy’s expert opinion proves to be correct when confronted with the same type of container under like circumstances.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., concurs.
WALDEN, J., dissents without opinion.