549 So.2d 1148 (1989)
The STATE of Florida, Petitioner,
v.
G.H., a Juvenile, Respondent.
No. 88-1864.
District Court of Appeal of Florida, Third District.
October 10, 1989.
*1149 Robert A. Butterworth, Atty. Gen., and Susan Hugentugler and Patricia Ann Ash, Asst. Atty. Gen., for petitioner.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for respondent.
Before NESBITT, LEVY and GERSTEN, JJ.
NESBITT, Judge.
The state seeks certiorari review of an order granting a motion to suppress evidence and statements. We have jurisdiction. State v. Pettis, 520 So.2d 250 (Fla. 1988); State v. M.G., 550 So.2d 1122 (Fla. 3d DCA 1989).
At a hearing on respondent's motion to suppress, the arresting officer testified that while on routine patrol, he observed the respondent walking down an alley in a residential area at 1:00 a.m. The officer exited his cruiser and shined a flashlight on respondent, paying particular attention to the hand area in case of weapons. As he approached the juvenile, the officer observed what appeared to be a clear plastic bag filled with white powder protruding from the respondent's front right pant pocket. Approximately one square inch of the bag was visible.
Upon observing the officer stare at the packet, the youth stated, "This is cocaine. I found it down  down the street." Prior to this time, the officer testified that he had neither touched the juvenile nor asked anything of him. The officer then retrieved the packet from the juvenile's pocket. A field test revealed the substance inside the packet was cocaine. The officer arrested the juvenile and charged him through a petition for delinquency with the offense of cocaine possession in violation of section 893.13, Florida Statutes (1987).
The officer was the only person to testify at the suppression hearing; his testimony was neither impeached, discredited, controverted, self-contradicting, nor physically impossible. Therefore, the trial court was bound to accept the officer's testimony as to what occurred for purposes of granting or denying the motion to suppress. E.g., State v. Fernandez, 526 So.2d 192, 193 (Fla. 3d DCA), cause dismissed, 531 So.2d 1352 (Fla. 1988).
We reject the respondent's argument that the officer's testimony was self-contradictory as to whether he had effectuated a mere encounter or an illegal stop of the respondent. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Based on the officer's uncontroverted testimony, there clearly had been no seizure at the time the respondent stated that he had cocaine in his pocket; the policeman's conduct constituted a mere encounter. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); see Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). The officer simply walked up to the youth; no questions were asked before the respondent volunteered his information. Once the officer observed the packet of white powder and heard the respondent's voluntary explanation, the officer had probable cause to arrest the juvenile and seize the evidence. See P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Albo v. State, 379 So.2d 648 (Fla. 1980); State v. Casey, 528 So.2d 1264 (Fla. 1st DCA 1988).
Because the officer adduced the evidence without having to touch or say a word to the respondent, the trial court was not at liberty to disregard the officer's testimony and suppress the evidence. Considering that the effect of the suppression was virtually to deny the state the ability to prosecute the case, the judge's actions departed from the essential requirements of the law. Pettis, 520 So.2d at 253; State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982).
Accordingly, certiorari is granted, and the order granting the motion to suppress is quashed.