[Crim. No. 6977. Third Dist. Aug. 17, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
EVERETT D. WALLS, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Arnold O. Overoye and John A. Gordnier, Deputy Attorneys General, for Plaintiff and Appellant.

Joseph W. Kiley, Public Defender, for Defendant and Respondent.

**OPINION**

**THE COURT.**—Defendant herein was charged in an information alleging in three counts violations of section 11530 of Health and Safety Code (a

felony), section 11555 of Health and Safety Code (a misdemeanor) and section 12500 of the Vehicle Code (a misdemeanor).

Defendant's motion in the trial court for a dismissal as to all counts pursuant to Penal Code section 995 was granted as to all counts. The People appeal.

There is no serious dispute as to the facts, which may be summarized as follows: Deputy Sheriff Donald Light observed a red Chevrolet pickup which resembled and bore the license number of a reported stolen vehicle received on a teletype. Though the information in the teletype was erroneous, no claim is made that the deputy did not in good faith believe the vehicle to have been stolen. He stopped the vehicle, and defendant Walls alighted from his vehicle and met the deputy sheriff between the two vehicles. The officer informed defendant the reason for the stop and showed him the teletype which formed its basis. Defendant was placed under arrest. The officer conducted a pat-down search which revealed a package of zig-zag papers in his jacket pocket and nothing else. The officer then proceeded to the cab area of the truck; the driver's door of the vehicle had been left open. While standing outside the vehicle, Deputy Sheriff Light observed an open ash tray containing two rolled matchbook covers which were burned on the ends and ashes and butts of smoked cigarettes. Deputy Sheriff Light testified as to his experience and training in the field of narcotics violation detection and his expertise therein, and relying on such expertise, he concluded that these items were connected with the use of narcotics and seized them. He also continued to make note of other items in the vehicle with a view to inventorying them, and in the course of such observations he came across a metal match container which had been placed in the space between the two segments of the front seat. From his experience and training, he concluded that this metal match container contained marijuana and upon opening found a substance which was a usable amount of marijuana.

■ In this appeal the guidelines as set forth in *People* v. *Hall,* 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664], apply: "An information will not be set aside if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."
■ In this case clearly there was sufficient evidence to meet this test if the search and seizures made were lawfully accomplished. As to the evidence found in the vehicle, namely, the paraphernalia customarily used by marijuana smokers and showing signs of recent use, the debris from consumed marijuana cigarettes, and the metal match box containing marijuana, it was clearly admissible. Respondent places undue reliance on the case of *Thomas* v. *Superior Court* (1972) 22 Cal.App.3d 972 [99 Cal.

Rptr. 647], in that he overlooks the distinguishing features of that case. There the officer who made the arrest and seized the cigarette, which later proved to contain marijuana, disclaimed having any expertise in the use of marijuana, and the cigarette itself was indistinguishable from cigarettes which might be free from any taint of narcotics. Here the officer, whose expertise in the field of narcotics was not challenged, observed in the ash tray, plainly visible through the open door, rolled up and partially burned "matchbook covers" and debris, and based upon his expertise and experience properly concluded that the reasonable use for such "matchbook covers" was to smoke marijuana and that the metal match container contained marijuana. The very language of *Thomas* fits this case like a glove. We quote (pp. 979-980): "To be distinguished from the facts at bench are search and seizure cases involving cigarettes or smokers' pipes where no issue was raised about inferring probable cause from such items, or where there was evidence of *other circumstances* . . ., or the arresting officer's expertise on the subject." (See also *Chambers* v. *Maroney*, 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975].)

The judgment (order) of dismissal is reversed.