353 So.2d 958 (1978)
Stephen Patrick CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 77-300.
District Court of Appeal of Florida, Second District.
January 13, 1978.
Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Stephen Patrick Carr, appellant herein, was charged with possession of a controlled substance and paraphernalia. Appellant filed a motion to suppress evidence which the trial court denied.
Appellant, thereafter, entered a plea of nolo contendere, was sentenced to a year and a day and this appeal ensues.
Appellant contends that the trial court erred in denying his motion to suppress evidence. We agree and reverse.
At the suppression hearing, appellant and the state stipulated to the following statement of facts:
(a) Defendant was approached by Officer Blodgett of the Dunedin Police Department and questioned regarding his presence in a residential area at 10:30 P.M. on August 16, 1976.
(b) At the time, the defendant was outside his vehicle and explained his presence, giving proper identification, as requested by the officer.
(c) Even though the defendant was outside his vehicle, Officer Blodgett shined his flashlight into the vehicle "to check the interior", where he observed two hand-rolled cigarettes.
(d) Officer Blodgett went into the vehicle, seized the hand-rolled cigarettes and examined them and their contents.
(e) Officer Blodgett determined the cigarettes appeared to contain marijuana and placed the defendant under arrest for misdemeanor possession of marijuana.
(f) Officer Blodgett then reached back into the vehicle and searched a folded blanket finding what appeared to be "two lids of marijuana" and a rolling device.
(g) Defendant was arrested for felony possession and paraphernalia.

*959 (h) Officer Blodgett requested Officer Mann to help him search the truck at which time additional items of contraband were seized.
The testimony of Officer Blodgett was also offered during the hearing. He stated when he saw the two cigarettes through the window he "knew" they were marijuana cigarettes because they were unevenly rolled and twisted at the end. Actually, he could not really see any marijuana. On the basis of this evidence and the stipulated statement of facts, the trial court found the seizure of the marijuana cigarettes proper. We disagree.
Officer Blodgett did not have a search warrant at the time of the seizure of the cigarettes and the subsequent search of appellant's vehicle. Therefore, the evidence obtained at that time was inadmissible to prove appellant's guilt unless one of the exceptions to the warrant requirement was applicable to the situation. Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1975). After extensive review of the record, we can find no such exception.
The state argues that the search and seizure were valid because they were incident to a lawful arrest. For this exception to apply, the arrest must be justified by facts constituting probable cause to arrest which are within the arresting officer's knowledge prior to the search. Dixon v. State, supra. However, in this case Officer Blodgett did not have probable cause to arrest appellant and so the exception was not applicable.
The Dixon court noted that,
The test to determine probable cause is whether the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed.
The hard facts within Officer Blodgett's knowledge do not meet this standard. All he could see at the time he looked into appellant's vehicle were two cigarettes. As they were twisted shut at both ends, he could not know what material was within the paper.
The state also contends that the plain view exception should apply to this case. We reject that argument because, as noted above, there was no contraband in plain view, merely two cigarettes.
Because we have found that the seizure of the cigarettes was improper, we must find any search and seizure subsequent thereto unreasonable. See State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).
We reverse the judgment and sentence and remand this case for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.