ORDER
SUA SPONTE IT IS ORDERED that this Court’s Opinion filed April 28, 1978 is hereby withdrawn and in its place is the Opinion of this .Court filed July 18, 1978.
By Order of the Court dated this 18th day of July, A. D. 1978.
MELVIN, Judge.
Appellant-defendant appeals from the final judgment entered against him based upon his plea of nolo contendere to the charge of unlawful possession of less than five grams of cannabis (marijuana) and a like plea to the charge contained in the second count of the information wherein the defendant was charged with unlawfully having in his possession a controlled substance, namely methylphenidate.
Upon acceptance of the defendant’s plea of nolo contendere to Counts One and Two, the court deferred further consideration of the case until the receipt of a presentence investigation. On June 10, 1977, the court further considered the case of the defendant, entered an order withholding adjudication of guilt, upon the plea of nolo conten-dere, to the offense of “Count One: Possession of Cannabis Over Five Grams, Count Two: Possession of Controlled Substance”. The court then placed the defendant on probation for a period of three years as to each count, the probation period as to each count to run concurrently.
The defendant contends, and the State agrees, that since the information charged him with possession of a misde *811 meanor quantity of cannabis, he may not be placed on probation for unlawful possession of a felony quantity of cannabis.
The defendant urges that the trial court erred in denying his motion to suppress evidence observed by the officer and seized by the officer from the defendant’s automobile. We have examined the transcript of the testimony presented at the motion hearing, and find that the same fails to meet the test as to sufficient facts and circumstances within the officer’s knowledge to determine probable cause. See Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). It follows that the articles received as a result of the search, the same being less than five grams of marijuana, and the pills or drugs which come into classification of a controlled substance above referred to are the fruits of an unlawful search and seizure. Therefore, the trial court erred in denying defendant’s motion to suppress.
We reverse the judgment and remand with directions that the defendant be discharged.
ERVIN, J., concurs.
SMITH, Acting C. J., concurs in part and dissents in part.