375 So.2d 638 (1979)
Douglas Laverne ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. MM-252.
District Court of Appeal of Florida, First District.
October 10, 1979.
Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
*639 PER CURIAM.
Adams appeals his conviction for possession of marijuana entered pursuant to a plea of nolo contendere reserving the right to appeal the denial of his motion to suppress. Adams alleges the marijuana was seized illegally because there was no probable cause to support the warrantless arrest. We affirm.
Officer Durden, while conducting a premise check at Champ's pool hall at about 1:50 a.m., observed half of a plastic baggie containing a number of small hand-rolled cigarettes protruding from appellant's sweater pouch. Durden promptly arrested appellant and retrieved the cigarettes while taking Adams to the patrol car. The officer testified that the area was a high crime area; it was uncommon to find hand-rolled cigarettes not to be marijuana in that area; it was common to find marijuana cigarettes carried in baggies; and that from his experience, the cigarettes looked like marijuana cigarettes because of the way they were rolled. Durden had been patrolling the area for three years and had made from 50 to 100 narcotic arrests.
Appellant urges reversal on the authority of Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). In Carr, the court found an illegal seizure of marijuana cigarettes where the officer stated "he `knew' they were marijuana cigarettes because they were unevenly rolled and twisted at the end." The court held the search and seizure was not incident to a lawful arrest because the hard facts of the case did not meet the standard enunciated below:
"The test to determine probable cause is whether the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed."
Although we agree with the foregoing principle, we decline to follow Carr in finding that the facts here, as there, do not meet this standard. We think the hard facts as testified to by Officer Durden gave him probable cause to believe that an offense was being committed in his presence. Under the facts and circumstances presented to him here, the officer did not have to actually see the marijuana before forming the reasonable belief that appellant was in possession of marijuana. AFFIRMED.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.