SHAW, Judge,
dissenting.
D. L. G. appeals from an adjudication of delinquency following a plea of nolo conten-dere to the offense of possession of cannabis, specifically reserving the right to appeal the court’s denial of his motion to suppress.
The State, at the motion hearing produced witness Nancy Lea, a parole and probation officer, who testified that she was working as a part-time ticket seller at the Jacksonville Coliseum when she observed the appellant approach a patron and hold out what she took to be three marijuana cigarettes. Over objection, Ms. Lea was allowed to testify that when she asked the patron whether the appellant attempted to sell him marijuana, she received an affirmative answer. When appellant refused to move from the area, Ms. Lea contacted Officer J. L. Burt of the Jacksonville Sheriff’s Office. Officer Burt asked the appellant what he was doing and was told, “Nothing, just leaning against the pillar.” The officer grabbed appellant, reached into his shirt pocket, removed three marijuana cigarettes, and placed him under arrest.
Officer Burt candidly admits that he observed nothing out of the ordinary and that the seizure was based upon information supplied by Ms. Lea. The hard information received by the officer from Ms. Lea was limited to her observation of the appellant’s possession of three cigarettes rolled at the ends and a customer’s statement to her that the appellant attempted to sell the customer what he “assumed” was marijuana. The record fails to disclose any basis for the assumption. The Second District Court of Appeal in Carr v. State, 353 So.2d 958 (Fla.2d DCA 1978), soundly rejected the no *698 tion that mere possession of unevenly hand-rolled cigarettes, twisted at the ends, affords probable cause for arrest. This court in Shumaker v. State, 360 So.2d 810 (Fla. 1st DCA 1978), adopted the Carr rationale and I find no reason to depart from that holding. In my opinion it affirmatively appears that the officer had neither personal knowledge nor trustworthy information upon which to base a search of the appellant’s person.
I would reverse the judgment and remand the cause to the trial judge with directions that the defendant be discharged.