OTT, Chief Judge.
The State of Florida has filed a Petition for Writ of Certiorari seeking review of an appellate decision of the circuit court. We grant certiorari because there was a departure from the essential requirements of law.
The respondent, Sharon M. Spence, was arrested without a warrant and charged with misdemeanor possession of marijuana. She filed a motion to suppress evidence. The county court granted the motion, concluding that probable cause was precluded by this court’s holding in Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). On appeal, the circuit court affirmed the trial court.
Carr, as with almost every case concerning the threshold question of probable cause, must be viewed in the light of its particular facts and circumstances. The training and experience of the particular officer, the locale and the total facts and circumstances enter into the reasonableness of the conclusion that criminal activity or contraband is involved.
The following ■ facts were developed at the motion to suppress hearing. Officer Street of the Lakeland Police Department, an officer with seven years’ experience, was on duty at a Lakeland Civic Center rock concert. He had made numerous marijuana arrests at the civic center. A typical rock concert produces twenty to thirty marijuana arrests. He was accompanied by Detective Hunley of the Lakeland Police Department who was likewise fully experienced in the area of narcotics crimes. Detective Hunley had made approximately ninety arrests for possession of marijuana *600 at the civic center, and ninety to ninety-five percent had involved rolling paper.
Prior to the start of the concert, the two officers observed respondent hand rolling cigarettes. The cigarettes were twisted on the ends. In addition to observing respondent rolling, licking, and twisting the cigarettes, the officers noticed that respondent was carefully concealing her activity and invariably stopped her activities whenever passerby approached. Detective Hunley was also convinced that the material being used was marijuana. In all but one case where he had seized hand rolled cigarettes they contained marijuana.
Based on their demonstrated experience and these observations, the officers arrested respondent and seized the cigarettes. Laboratory tests confirmed that the material was indeed marijuana.
We hold that in the light of all the circumstances and the experience, perception, and careful observation of the officers, probable cause existed. The facts available to the officers would “warrant a man of reasonable caution in the belief” that the cigarettes contained marijuana. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983), quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925). The facts in the instant case are easily distinguishable from the facts in Carr. In Carr, an officer whose experience in the narcotics field was not recounted had approached an individual standing outside his vehicle to determine his identity and reason for being in a residential neighborhood at 10:30 p.m. Although identity and explanation were furnished, the officer, for unstated reasons, chose to examine the interior of the vehicle, using his flashlight. In the process, he observed two hand rolled cigarettes. Cf. State v. Redding, 362 So.2d 170 (Pla. 2d DCA 1978) (distinguishing Carr due to the presence of other circumstances).
The error of the county and circuit courts resulted in a serious miscarriage of justice. The erroneous application of the Carr holding could significantly hamper the efforts of law enforcement personnel to curtail the use of narcotics at public events such as rock concerts.
Petition for Writ of Certiorari GRANTED.
BOARDMAN and RYDER, JJ., concur.