494 So.2d 221 (1986)
Stephen Douglas BAGGETT, Appellant,
v.
STATE of Florida, Appellee.
No. BH-123.
District Court of Appeal of Florida, First District.
April 23, 1986.
As Corrected June 18, 1986.
Steven J. Jacovitz, Cocoa Beach, for appellant.
No appearance for appellee.
MILLS, Judge.
Baggett appeals from a final judgment and sentence, challenging the trial court's denial of his motion to suppress evidence. We affirm.
On 14 July 1984, Florida Highway Patrolman James Fulford observed an improper tag light on Baggett's vehicle and pulled him over in order to issue a correction notice. As soon as Baggett's vehicle was stopped, he very quickly jumped out and walked back to where Officer Fulford was parked. According to the officer's testimony, Baggett at this time appeared to be extremely nervous and hyper, was speaking rapidly and sweating profusely.
While questioning Baggett, Officer Fulford noticed a black hump in the back seat of Baggett's car that he could not identify. Concerned for his safety, the officer approached the vehicle, viewing it with the aid of a flashlight. He discovered a tire in the back seat as well as some dried blood. Officer Fulford also noticed a large amount of old beer cans covering the floor board of the back seat. Suspecting that Baggett might have some "fresh beer" in the car, the officer proceeded to view the floor board of the front seat where he noticed a package of cigarette rolling papers under the brake pedal.
After seeing the rolling papers, Officer Fulford walked around to check the vehicle identification number on the windshield next to the driver's door. At this point, the officer noticed a clear plastic bag containing some type of vegetation partially exposed under the driver's seat. Accordingly, he extracted the bag from the car, identified the contents as marijuana, and placed Baggett under arrest. Thereafter, a search was made of the car's trunk and larger amounts of marijuana discovered.
Under certain circumstances, it has been held that objects falling in the plain view of a law enforcement officer who has the right to be in the position to have that view are subject to seizure and may be introduced in evidence. The constitutional limits of the plain view doctrine were first explicitly discussed in 1971 in Coolidge v. New Hampshire (1971) 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120. The only other case in which the plain view doctrine is thoroughly discussed is Texas v. Brown (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502, which was decided in 1983.
According to a plurality of the Supreme Court, the plain view doctrine permits the warrantless seizure by police of private possessions where three requirements are *222 satisfied. First, the police officer must lawfully make an initial intrusion or otherwise properly be in a position from which he can view a particular area. Second, the officer must discover incriminating evidence inadvertently, which is to say, he may not know in advance the location of certain evidence and intend to seize it, relying on the plain view doctrine only as a pretext. Finally, it must be immediately apparent to the police that the items that they observe may be evidence of a crime, contraband, or otherwise subject to seizure.
In the case at bar, we find that all three requirements of the plain view doctrine have been met. Officer Fulford legitimately pulled Baggett over for a broken tag light, and thus was lawfully in a position from which he could view the suspect's car. Further, it has been held by numerous courts that the use of flashlights in illuminating darkened areas does not entrench upon any rights secured by the Fourth Amendment. Texas v. Brown, supra.
Likewise, the fact that Officer Fulford changed his position and bent down at an angle so he could see what was inside Baggett's car is irrelevant to Fourth Amendment analysis. Id. The general public could peer into the interior of Baggett's automobile from any number of angles; there is no reason Officer Fulford should be precluded from observing as a policeman what would be entirely visible to him as a private citizen. In other words, "there is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers." Id. 460 U.S. at 740, 103 S.Ct. at 1542, 75 L.Ed.2d at 513.
The second requirement has been met since there is no evidence in the record that the arresting officer knew in advance that Baggett was transporting marijuana. Similarly, the third requirement that the incriminating nature of the item seized be "immediately apparent" to the officer has been satisfied in the present case. Officer Fulford has been a state trooper for eight years and during that time was involved in numerous narcotic arrests. Thus, to his trained eye he had sufficient facts to "warrant a man of reasonable caution in the belief," Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that the item he saw was evidence of a crime.
Accordingly, we affirm the denial of Baggett's motion to suppress.
SMITH and THOMPSON, JJ., concur.