DAUKSCH, Judge.
This is an appeal from an order of probation after the denial of a motion to suppress evidence seized from appellant’s vehicle.
Police executed a search warrant at a residence in Ocoee, Florida. Appellant was inside the residence at the time the warrant was executed. While searching the premises, the police learned that appellant’s vehicle was parked by the curb outside.
Officer Cockcroft looked inside the vehicle from the passenger side, saw a plastic bag containing a green leafy substance and said “What’s that?” Officer Wilson had already opened the driver’s door when Officer Cockcroft announced his discovery. Officer Wilson entered the vehicle and seized the bag. Officer Wilson did not see the bag until after he entered the vehicle.
The vehicle was not within the curti-lage of the premises since it was parked along the curb on the street and therefore could not be searched pursuant to the search warrant. The officers readily admitted that they did not have probable cause to search the vehicle because no crime had been committed in their presence. The only valid reason remaining to search the vehicle would be if the bag was in “open view.” Ensor v. State, 403 So.2d 349 (Fla.1981); Kelly v. State, 407 So.2d 1011 (Fla. 5th DCA 1981).
If it is immediately apparent to the officer who views the object that it is evidence of a crime or contraband, the officer has probable cause to seize the object. Baggett v. State, 494 So.2d 221, 222 (Fla. 1st DCA 1986). This requirement is established by evaluating the background, training and experience of the officer who identified the contraband as such. The record in this case is void of any information of experience of either officer. In addition, the only officer to view the object before the vehicle was searched saw the bag and inquired as to what it was. It is clear that the facts within the officer’s knowledge at the time of the seizure did not meet the standard of probable cause. Kelly v. State, 407 So.2d at 1014. Since it was not *976 immediately apparent that the bag contained marijuana, the search was not valid and the evidence was improperly seized.
Because the court erred in refusing to grant the suppression of evidence, the order withholding adjudication and placing defendant on probation is reversed.
REVERSED.
ORFINGER, J., concurs.
SHARP, J., dissents without opinion.