ON MOTION FOR REHEARING
STONE, Judge.
We grant appellant’s motion for rehearing, vacate the prior opinion filed July 1, 1987, and substitute the following revised opinion.
The defendant entered a plea of nolo contendere to charges of possession of cocaine and cannabis, reserving the right to appeal the denial of a motion to suppress. We affirm.
The defendant was involved in an automobile accident in front of a police station. The investigating officer first ascertained that there were no injuries, and examined defendant’s license and registration. The registration was not in the defendant’s name. The vehicle was blocking an intersection and could not be driven. There was evidence that the defendant asked the officer if the officer could have the vehicle towed, and was told of the availability of the city's contract wrecker service. The defendant told the officer to call that service. After doing so, the officer proceeded, *1363 in accordance with routine department requirements, to fill out a tow slip on department forms. The officer checked the automobile VIN number, which could be seen through the windshield. As appellant was not the registered owner, this was standard procedure. The department’s procedure, when a vehicle was being towed after an accident by a city contract wrecker service, also required that an inventory of the contents of the car be made as part of the documentation.
While checking the VIN number, the officer noticed, through the window, what appeared to be marijuana “joints,” (hand-rolled marijuana cigarettes), on the floor board. The defendant was not present, having left the scene to use a telephone. The officer had had extensive training and experience in drug identification. The officer opened the car door and smelled marijuana smoke. A search of the vehicle uncovered cocaine as well as marijuana. The officer testified that after seeing the cigarette butts he considered that he was conducting a criminal investigation as well as continuing the accident investigation. It is apparent from the record, and the court’s decision, that the trial judge accepted the evidence to be that the butts had the appearance of hand-rolled, partially smoked marijuana cigarettes. Counsel for the defendant did not argue below that the butts did not have the appearance of marijuana, but maintained that they also had the appearance of hand-rolled legal cigarettes. The officer acknowledged that the cigarettes’ appearance was consistent with either portrayal.
There are two bases justifying this search and seizure. First, taking into consideration the totality of the circumstances, and the training and experience of the officer, there was sufficient cause to support his conclusion that the vehicle contained contraband. See P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert, denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Albo v. State, 379 So.2d 648 (Fla.1980); State v. Melendez, 392 So.2d 587 (Fla. 4th DCA 1981); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Tamburro v. State, 343 So.2d 638 (Fla. 4th DCA 1977); Baggett v. State, 494 So.2d 221 (Fla. 1st DCA 1986); State v. Nobles, 477 So.2d 32 (Fla. 1st DCA 1985), case dismissed, 492 So.2d 1334 (Fla. 1986); State v. Spence, 448 So.2d 599 (Fla. 2d DCA 1984); Adams v. State, 375 So.2d 638 (Fla. 1st DCA 1979), cert, denied, 385 So.2d 754 (Fla.1980); State v. Redding, 362 So.2d 170 (Fla. 2d DCA 1978). The right to search in this case is even further reinforced by the fact that the vehicle was about to be removed by the tow truck. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). We do not consider Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978), to be controlling. See also Ensor v. State, 403 So.2d 349 (Fla.1981).
Second, even had there not been sufficient cause to conduct the search after viewing the marijuana joints, the intrusion for the purpose of taking an inventory was permissible in any event. The defendant requested the police to call a truck to tow his car from the scene of the accident, and the towing was conducted in accordance with standard police procedures. Under these circumstances, allowing access to the car for the purpose of the taking of an inventory to identify radios, tape players, and other valuables, is reasonable. See Colorado v. Bertine, — U.S. —, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); United States v. Scott, 665 F.2d 874 (9th Cir.1981); United States v. Prescott, 599 F.2d 103 (5th Cir.1979); United States v. Edwards, 577 F.2d 883 (5th Cir.), cert, denied, 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978); In Re One 1965 Econoline, I.D. No. E16JH702043, Arizona License No. EC-7887, 109 Ariz. 433, 511 P.2d 168 (1973); Miller v. State, 403 So.2d 1307 (Fla. 1981).
We also note that, although the officer did not open the door for the purpose of inspecting the VIN number, such a purpose would have been proper as well, as the car *1364 had been in an accident, was about to be towed, and the driver was not the registered owner. Entry for similar purposes has not been considered to be restricted by the Fourth Amendment. See New York v. Class, 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed. 2d 81 (1986); State v. Ramer, 501 So.2d 52 (Fla. 4th DCA 1987); State v. Eaton, 498 So.2d 1066 (Fla. 4th DCA 1986).
DELL, J., concurs.
GLICKSTEIN, J., dissents with opinion.