531 So.2d 88 (1988)
Clark A. CAPLAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 71709.
Supreme Court of Florida.
August 18, 1988.
Rehearing Denied October 10, 1988.
*89 Law Offices of Lane S. Abraham, P.A. and Law Offices of Carl H. Lida, P.A., Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Carolyn V. McCann and Alfonso M. Saldana, Asst. Attys. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Caplan v. State, 515 So.2d 1362 (Fla. 4th DCA 1987), because of conflict with Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the opinion below.
The questions presented by this case are (1) whether the police are entitled to conduct an inventory search of a car disabled in a busy intersection when the owner requests assistance in obtaining a towing service, and (2) under what circumstances the observation of hand-rolled cigarette papers inside such a car creates probable cause.
Petitioner was involved in an automobile accident in front of the Hollywood, Florida, police department. An officer from the station approached the scene and, after determining that no one was injured, proceeded to check the petitioner's license and registration. Because petitioner's car was disabled in the middle of a busy intersection, petitioner asked the officer for the name of a towing service. The officer suggested one of the wrecker services used by the police department and agreed to call it while petitioner used the telephone in the police station to obtain other transportation.
During the time petitioner was inside the police station, the officer began filling out *90 an accident tow slip for the tow driver. When he looked into the front windshield of the car for the vehicle identification number, he observed what he described as "several small rolled burnt cigarette wrappings" on the floorboard. The officer concluded that these were marijuana cigarettes, opened the door and discovered baggies of marijuana and cocaine. Petitioner was then arrested and charged with two counts of possession of narcotics.
Petitioner's motion to suppress the evidence was denied by the trial court. On appeal, the Fourth District Court affirmed on two alternative bases: that the police had probable cause to conduct the search, and that the contraband was discovered pursuant to a legal inventory search. We cannot agree that this record supports the district court's conclusion on either basis.
An inventory search, unlike all other theories under which an automobile may be searched, has no connection with any criminal investigation. It occurs as part of the routine administrative process when an automobile is legitimately placed in police custody. It has a caretaking function and is conducted in order to list the items left in the car to protect the owner's property, protect the police against claims or disputes over lost or stolen property, and to protect the police from potential danger. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Inventory searches are not conducted to discover evidence of a crime or prevent wrongdoing. Thus, concerns pertaining to probable cause or warrant requirements are not implicated. The scope of the search is restricted by the boundaries of established police procedure, which curtails arbitrary police intrusion. Id. at 383, 96 S.Ct. at 3104 (Powell, J., concurring).
Although an inventory search does not contemplate a criminal investigation, officers are not required to look the other way if the inventory reveals contraband. Because it is a lawful search, anything found within the legitimate confines of the search may be used as evidence. Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983); Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Thus, an inventory search while not made pursuant to a criminal investigation may become one if evidence of a crime is discovered during the taking of the inventory.
On the other hand, an inventory search cannot be used as a mere pretext or subterfuge for a criminal investigation. It cannot substitute for probable cause where none exists. As this Court said in Miller v. State, 403 So.2d 1307, 1312 (Fla. 1981):
[T]he police must act in good faith and not use the inventory search as a subterfuge to conduct a warrantless search for incriminating evidence.
See U.S. v. Prescott, 599 F.2d 103 (5th Cir.1979). See also Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987) (discussing cases holding an inventory search invalid because they "concerned searches solely for the purpose of investigating criminal conduct").
Thus, a purported inventory search must be examined in light of its purpose. Central to its purpose is the necessity of having the automobile in legitimate police custody. Obviously, there is no need to perform the caretaking function of an inventory when the vehicle is not in the care, custody, and control of the police.
In the present case, the evidence indicates that petitioner had not transferred custody of his wrecked vehicle to the police officer. Merely asking for police assistance in calling a towing service does not constitute surrender of a vehicle. Nor was petitioner's car impounded or otherwise placed in police control. Indeed, the officer's own testimony indicated that his reason for searching the vehicle was his belief that he had probable cause.
Thus, since the search in question was not an inventory search, the sole question is whether the hand-rolled cigarette papers observed by the officer provided *91 probable cause for the search. We conclude that they did not.[1]
There is a general consensus among the courts of various jurisdictions that the mere observation of opaque containers, such as the hand-rolled cigarette papers in this instance, will not create probable cause in the absence of other facts. We ourselves have so held in P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985), which we find to be dispositive of the issue presented here.
In P.L.R., this Court had the opportunity to discuss the case of Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978), which is identical to the case before us today. In Carr, the Second District had held that the mere observation of two hand-rolled cigarettes in an automobile does not in and of itself give rise to probable cause to search that automobile. Id. at 959. See Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981); Harris v. State, 352 So.2d 1269 (Fla. 2d DCA 1977).
This Court in P.L.R. specifically declined to reject or disapprove the analysis in Carr. On the contrary, we distinguished Carr, Thompson and Harris from several other cases holding that the observation of opaque containers such as hand-rolled cigarettes, combined with other additional factors, created probable cause.[2]See Adams v. State, 375 So.2d 638 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 754 (1980); Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA 1979); Tamburro v. State, 343 So.2d 638 (Fla. 4th DCA 1977).
This conclusion is in harmony with the trend apparently followed in many American jurisdictions. Our nation's courts generally have found that the mere observation of hand-rolled cigarettes, which may or may not contain contraband, is not enough to create probable cause without some other element being present. E.g., United States v. Anderson, 401 F. Supp. 996 (E.D. Tenn. 1975); Thomas v. Superior Court for County of San Joaquin, 22 Cal. App.3d 972, 99 Cal. Rptr. 647 (1972); People v. Wright, 80 Ill. App.3d 927, 36 Ill.Dec. 311, 400 N.E.2d 731 (1980); People v. Barker, 72 Ill. App.3d 466, 391 N.E.2d 214 (1979); State v. Ball, 124 N.H. 226, 471 A.2d 347 (1983). But see State v. Knowles, 438 So.2d 648 (La. App.), writ denied, 442 So.2d 458 (1983); Commonwealth v. Skea, 18 Mass. App. 685, 470 N.E.2d 385 (1984).
This rule is consistent with the results reached in similar cases involving other containers that could have held either innocent or illegal contents, where nothing indicated the latter. E.g., People v. Huntsman, 152 Cal. App.3d 1073, 200 Cal. Rptr. 89 (1984) (plastic bag); People v. Norman, 14 Cal.3d 929, 123 Cal. Rptr. 109, 538 P.2d 237 (1975) (soft pouch); Christmas v. United States, 314 A.2d 473 (D.C.App. 1974) (prescription bottle); Commonwealth v. Phillips, 225 Pa.Super. 126, 310 A.2d 290 (1973) (ornamental smoking pipe).
Courts usually have found that hand-rolled cigarettes created probable cause only where other elements were present to justify the officer's suspicions, such as furtive acts by the accused, the presence of drug paraphernalia or the odor of marijuana prior to the search. E.g., State v. Bainch, 24 Ariz. App. 140, 536 P.2d 709 (1975) (police observed hand-rolled cigarettes together with commercial cigarettes, and had expertise to conclude the former *92 were contraband); People v. Stanfill, 170 Cal. App.3d 420, 216 Cal. Rptr. 472 (1985) (accused was in place where drug deals frequently occurred and sold two hand-rolled cigarettes for at least one dollar); People v. Poole, 48 Cal. App.3d 881, 122 Cal. Rptr. 87 (1975) (officer observed very irregular hand-rolled cigarette behind accused's ear and had special expertise to recognize it as contraband); People v. Walls, 34 Cal. App.3d 94, 109 Cal. Rptr. 708 (1973) (police observed hand-rolled cigarette butts together with drug paraphernalia); United States v. McCarthy, 448 A.2d 267 (D.C.App. 1982) (accused was seen sorting through ashtray and fled when officer identified himself, and arrest occurred at known site of narcotics transactions).
The rule deducible from these cases, which we expressed in P.L.R., is that the mere observation of an opaque container, without more, cannot constitute probable cause. There must be at least an additional objective and reasonably specific element justifying the state agent's inference of wrongdoing. Under a probable cause standard, that is, the officer at the scene must be able to explain to an objective magistrate or judge "just how it is possible to distinguish such a [marijuana] cigarette from other hand-rolled cigarettes." 1 LaFave, Search & Seizure: A Treatise on the Fourth Amendment 573 (1987).
In this instance, the police officer testified that he did not know what was contained within the partially burned cigarette papers he observed through the windshield of petitioner's car. He conceded that it could have been tobacco, or even nothing at all. The location of these cigarette papers was not at a known narcotics transaction area. Even if we assume this officer had special expertise to recognize illegal narcotics, this case more closely resembles the line of authority holding that the mere observance of an opaque container commonly used to transport contraband does not, without more, give rise to probable cause to search.
Thus, once the officer opened the car door, petitioner's expectation of privacy was violated and a search occurred. This search was without warrant, nor was it supported by probable cause under the plain view doctrine. Therefore, under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), all evidence seized subsequent to that search must be suppressed as fruit of the poisonous tree.
We quash the opinion below and remand for proceedings consistent with the views expressed above.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The state argues that the search was permissible because the cigarette papers were in plain view. The state misperceives the plain view doctrine. No one suggests that the papers were not in plain view. The issue, however, is not merely that something can be seen, but that what is seen creates a suspicion that rises to the level of probable cause. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Under the theory suggested by the state, police agents would be entitled to seize anything merely because it happens to be in view.
[2] Such other factors could include, but is not necessarily limited to, the three factors suggested in P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985): the container (1) is of a type commonly used to hold narcotics, (2) is at a known narcotics transaction site, and (3) is determined to be narcotics-related based on the observations of police officers with sufficient experience and expertise in such matters.