## STATE OF FLORIDA v PAPPAS

### Case No. 88-30 (County Court Case No. MO88-3204)

Ninth Judicial Circuit, Orange County

January 6, 1989

### APPEARANCES OF COUNSEL

**Mark Graham,** Assistant State Attorney, for appellant.

**Mark Randall,** for appellee.

### OPINION OF THE COURT

RICHARD F. CONRAD, Circuit Judge.

*DECISION ON APPEAL*

Oral argument is dispensed with on the Court's own motion pursuant to Florida Rule of Appellate Procedure 9.320.

This is an appeal from an Order Granting the Defendant's Motion to Suppress Evidence.

The facts of this case are simplistic in nature. Between 3:00 AM and 3:30 AM of February 5, 1988, NICHOLAS T. PAPPAS was stopped by the Apopka Police Department for speeding. The Appellee's vehicle was traveling through the City of Apopka at approximately 60 to 65 miles per hour. The speed limit is 35 miles per hour. After stopping the vehicle, the Appellee egressed and walked back to the police officer's vehicle. At that time the officer was able to smell a strong odor of what he characterized as the impurities of alcohol. The officer then performed a drivers license check on Mr. Pappas. Officer Ross of the Apopka Police Department then approached the Defendant's vehicle on the driver's side. The window was down and utilizing a flashlight, observed what he conceived to be a cannabis joint lying on the floorboard of the vehicle. The officer testified it was partially burnt cannabis.

Questioning by the assistant state attorney determined that Officer Ross concluded the cigarette was cannabis based upon the officer's one and one-half years experience as a police officer and having experienced observing marijuana in the past. Cross-examination of Officer Ross demonstrated that the cigarette was approximately an inch to one and one-half inches in length; looked like a rolled cigarette and was not burning. There was no smell of marijuana in the vehicle.

The Court is of the opinion that the facts of the case at bar are controlled by the case of *Carr v State*, 353 So.2d 958 (Fla. 2d DCA 1978). In that case, Stephen Carr was charged with the possession of a controlled substance. The appellant, Carr, entered a plea of no contest after the trial court denied his motion to suppress. The facts in *Carr* were basically that the defendant, Carr, was approached by Officer Blodgett of the Dunedin Police Department and questioned regarding his presence in a certain residential area. While outside the vehicle, Officer Blodgett shined his flashlight into the vehicle "to check the interior" where he observed two hand rolled cigarettes. Officer Blodgett went into the vehicle, seized the hand rolled cigarettes, examined them and their contents and determined the contents to contain marijuana. The state contended that the plan view exception should apply. The Second District Court of Appeal rejected that argument because, as the Court noted, there was no contraband in plan view but merely two cigarettes. The Court stated there were "no hard facts within Officer Blodgett's knowledge to meet the standard as set forth in the case of *Dixon v State*, 343 So.2d 1345 (Fla. 2d DCA 1975), that is the test to determine probable cause is whether the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed."

116

Unfortunately, in our case, Officer Ross testified almost exclusively in the form of conclusions. He stated simply that based upon his experience he "knew" that the cigarette was marijuana. There is simply no factual basis which support this conclusion.

According, the order of the trial court granting the Defendant's Motion to Suppress is hereby AFFIRMED.

No petition for rehearing will be entertained, and the Clerk is directed to issue Mandate forthwith.

DATED this 6th day of January, 1989.