PER CURIAM.
The state appeals from an order granting a motion to suppress physical evidence. The trial court, in reliance on Hartpence v. State, 509 So.2d 975 (Fla. 5th DCA 1987), ruled by necessary implication that an automobile parked in such a way that it was partially on a county road right-of-way and partially on an easement (which was within the curtilage) was not within the curtilage of the premises described by the search warrant. A photograph showing the location of the automobile was introduced into evidence. The wheels on the passenger side of the vehicle rested on the dirt portion of the road. The remainder of the vehicle was within the “front yard” of the residence near bushes and trees. It was stipulated that the vehicle was partially upon an easement held by the power company.
We reverse. It is immaterial that the vehicle was parked on an area of the curti-lage that had been subjected to an easement. Nor is it persuasive of appellee’s position either that a small portion of the vehicle rested on the road right-of-way. Neither a survey nor a title' search should be a prerequisite to the issuance, in the first instance, or the implementation, in the second instance, of a search warrant. Where a vehicle is substantially within the curtilage of premises described in the warrant,, all other things being equal, a search of that vehicle is appropriate and authorized. See e.g., State v. Courtright, 60 N.C.App. 247, 298 S.E.2d 740, rev. denied, 308 N.C. 192, 302 S.E.2d 245 (1983).
We reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
ANSTEAD, HERSEY and STONE, JJ., concur.