GRIFFIN, J.
Shane Alan Sawyer [“Sawyer”] appeals the denial of his motion to suppress. We reverse.
Sawyer was stopped by a police officer for failing to dim his headlights. During *311 the stop, the officer noticed a single white pill sitting in plain view on the console. He reached into the car and seized the pill. After examining it, he believed it to be “Ecstasy” because of the design he observed on it.
Based on this incident, Sawyer was charged by information with one count of possession of methylenedioxymethamphe-tamine (“MDMA”), more commonly know as Ecstasy. He filed a motion to suppress, arguing that the officer had no probable cause to seize the pill. At the hearing on the motion to suppress, the officer acknowledged that, although the pill was in plain view, he could not tell what kind of pill it was until he seized it. It was only after he seized the pill that he saw a design on the pill that caused him to believe it was Ecstasy. The officer explained:
The Ecstacy[sic] pills that I have observed in the past, have had different designs on them and cartoon characters, different designs on them.[1]
Sawyer argued that his motion to suppress should be granted because the pill could have been a legal substance, such as ibuprofen or aspirin, and it was not until the officer seized it that its incriminating nature became apparent.
The court ultimately denied Sawyer’s motion to suppress in a written order. The order recited that:
While speaking with the passenger, Officer Morris observed a white pill on the center console. Officer Morris removed the pill from the center console and examined it. Upon examining the pill, Officer Morris noticed a butterfly design which he determined was consistent with the controlled substance ecstacy[sic].
(emphasis added). The court then made a different finding, however:
[Officer Morris] saw the pill in the center console of the vehicle while talking to the passenger. He didn’t have to search the vehicle to discover the pill, it was in plain view. It was apparent to Officer Morris prior to examining the pill that it was contraband. Based on the reasoning in State v. Hall, 376 So.2d 276 (Fla. 3d DCA 1979), this court must conclude that the evidence should not be suppressed based on the “plain view” doctrine and Officer Morris did not conduct a warrantless search when he seized the contraband in plain view,
(emphasis added). Based on this finding, the court denied suppression.
We agree with appellant that no evidence in the record supports the trial court’s finding that “[i]t was apparent to Officer Morris prior to examining the pill that it was contraband.” The officer testified that he could not tell what kind of pill it was until he seized it, and that it was only after he seized the pill that he saw a design on the pill which made him believe it was Ecstasy.
The State argues that an officer is not required to know certain items are contraband or evidence of a crime before seizing them. It argues that seizure is justified if the facts available to the seizing officer would warrant a person of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime. Here, however, Officer Morris never testified that he believed prior to the seizure that the item was contraband, nor did he testify to any facts which would have rendered that belief reasonable.
The plain view doctrine provides that items in plain view may be seized when (1) the seizing officer is in a position *312 where he has a legitimate right to be, (2) the incriminating character of the evidence is immediately apparent, and (3) the seizing officer has a lawful right of access to the object. Pagan v. State, 830 So.2d 792, 807 (Fla.2002). In this case, the incriminating character of the pill was not “immediately apparent.” Florida courts consistently have held that when closer examination of an item observed in plain view is necessary to confirm the incriminating nature of the contraband, its incriminating nature is not considered “immediately apparent.” See Caplan v. State, 531 So.2d 88 (Fla.1988); Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). It was error to deny the motion to suppress.
REVERSED and REMANDED.
PLEUS and TORPY, JJ., concur.

. According to the police report, the pill carried a butterfly design.