RAMIREZ, C.J.
This is an appeal challenging the denial of Appellant M.L.’s motion to suppress physical evidence seeking to suppress a pipe with residue because it was the result of an unlawful search and seizure. We reverse because the evidence in this case was seized without a warrant, and the plain view doctrine exception to the warrant requirement was not satisfied.
At the hearing on the motion to suppress, Officer Nick Garapiño testified that he responded to 21150 Point Place in Aventura to recover a missing juvenile named Camilla. After the officer went to the security desk, he was directed to the second floor mezzanine, which is where people play poker, chips or dominoes. When he entered the common area, he saw M.L. and Camilla about a foot or two feet away from each other asleep on a comforter or blanket on the floor, and they were half-dressed. The officer observed a bunch of personal belongings, men and women clothing strewn around the subjects. He also saw in between M.L. and Camilla a red bag holding a multi-colored pipe. The pipe was more out of the red bag than in the bag. It was about an arm’s reach from M.L.
Officer Garapiño then woke up M.L. and Camilla. As the officer went to pick up the pipe in the red bag, he heard M.L state “it’s my pipe, it’s not hers.” At that point, he placed M.L. in handcuffs, searched him and then escorted him to the police car.
The plain view doctrine requires that three elements be satisfied:
(1) the police officer is in a place where he has a lawful right to be;
(2) in the course of his presence the officer inadvertently comes upon an object which is openly visible; and
(3) it is immediately apparent to the officer that the object constitutes evidence of a crime.
See Neary v. State, 384 So.2d 881, 884 (Fla.1980) (citing Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)); State v. Parker, 399 So.2d 24 (Fla. 3d DCA 1981); Daniels v. State, 634 So.2d 187 (Fla. 3d DCA 1994). We hold that the plain view doctrine does not apply.
The State failed to present evidence that it was immediately apparent to the officer that the partially or completely concealed pipe in the bag constituted evidence of a crime or illegal paraphernalia. *913 “[I]mmediately apparent” means that “at the time police view the object to be seized, they must have probable cause to believe that the object is contraband or evidence of a crime.” Jones v. State, 648 So.2d 669, 678 (Fla.1994).
Furthermore, the State failed to present evidence that the officer, prior to the seizure, had probable cause to believe that the partially concealed pipe in the bag was illegal drug paraphernalia or evidence of criminal activity. Without that, the officer had no right to seize the pipe. See Oliveira v. State, 527 So.2d 959 (Fla. 4th DCA 1988) (“[T]he State failed to present evidence that the officer had probable cause to believe the ‘prescription medicine’ he seized was an illegal substance. Without that probable cause, he had no right to seize the tablets.”).
In Caplan v. State, 531 So.2d 88, 92 (Fla.1988), the Florida Supreme Court stated:
[TJhat the mere observation of an opaque container [such as partially burned cigarette paper], without more, cannot constitute probable cause. There must be at least an additional objective and reasonably specific element justifying the state agent’s inference of wrongdoing. Under a probable cause standard, that is, the officer at the scene must be able to explain to an objective magistrate or judge “just how it is possible to distinguish such a [marijuana] cigarette from other hand-rolled cigarettes.”
Similarly here, the mere observation of a portion of a pipe, without more, cannot constitute probable cause because it could be a tobacco pipe or other lawful object. See Walker v. State, 514 So.2d 1149, 1151 (Fla. 2d DCA 1987) (recognizing that even though “... the stem of the pipe was in plain view, we do not find that the pipe alone could constitute probable cause to arrest for possession of paraphernalia. Because pipes are used to smoke materials other than drugs, they are not contraband per se”). Something more is needed to constitute probable cause.
There was no additional evidence presented justifying the officer’s seizure of the evidence and arrest of M.L. The officer did not observe any suspicious activity or behavior prior to seizing the pipe. There was no evidence that M.L. was at a location known for drug activity. The officer was not at that location due to a tip regarding drug activity but rather to retrieve a missing juvenile. There was no evidence that the room smelled of marijuana. There was no evidence that either juvenile appeared to be under the influence of marijuana or any drug. There was no evidence that prior to seizing the pipe the officer saw marijuana residue in the pipe. Although the State proffered that Officer Garapiño was a ten-year veteran, there was no evidence of the officer’s experience with drug paraphernalia or pipes.
Thus, the trial court erred in denying the motion to suppress. We therefore reverse and remand.